USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
   UNITED STATES OF AMERICA         :

                                       :      19-CR-808 (VEC)

        -against-                     :

                                       :      ORDER

   SALIFOU CONDE,                     :

                                       :

                        Defendant.    :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 3, 2025, the Court sentenced Mr. Conde, who had elected to proceed to sentencing *pro se*, to nine month's incarceration, followed by a term of fifty-three months' supervised release, having found that he had violated the terms of supervised release, *see* Judgment, Dkt. 626;

       WHEREAS on June 26, 2025, the Court received a letter from Mr. Conde, requesting that the Court appoint him new counsel to "fix [his] guideline sentence and restitution," *see* Dkt. 634;

       WHEREAS on July 7, 2025, the Court received another letter from Mr. Conde, reiterating his request for the Court to appoint him new counsel to "fix [his] guideline sentence and restitution," *see* Dkt. 635;

       WHEREAS there is no constitutional right to counsel in post-conviction proceedings, *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023);

       WHEREAS in evaluating a *pro se* litigant's request for appointment of counsel, the Second Circuit requires the district court to consider whether the indigent's position appears likely to be one of substance and, upon so finding, such secondary factors as the factual and legal complexity of the case, the ability of the litigant "to navigate the legal minefield unassisted," and any other reason why appointment of counsel would more probably lead to just resolution in a particular case, *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997));

WHEREAS Mr. Conde's letters state that he wants counsel to be appointed "to fix [his] guideline sentence and restitution," *see* Dkts. 634, 635; and

WHEREAS Mr. Conde's implied claim that the Guidelines for his violation of supervised release were not correctly calculated is not likely of substance as he does not explain why he believes his Guidelines were miscalculated; and

WHEREAS Mr. Conde's implied claim that the restitution order in this case was somehow improper is also not likely of substance given that it was entered at the time of his original sentence on January 20, 2022, and amended on February 10, 2022; Mr. Conde appealed his conviction and sentence and did not make any arguments at the time regarding his restitution; and the U.S. Court of Appeals for the Second Circuit affirmed his conviction and sentence by opinion dated June 4, 2025, *see* Dkt. 631.

IT IS HEREBY ORDERED that Mr. Conde's request is DENIED.  The Court sees no claims of likely substance and no compelling reason to appoint counsel.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Conde, Reg. # 76347-054 at FMC Devens Medical Center, P.O. Box 879, Ayer, MA 01432.

**SO ORDERED.**

**Dated: July 14, 2025**
        **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**